**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ANTONE LAMANDINGO KNOX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-11-1497-M |
| | ) | |
| WILLIAM BURKE; REGINA BENJAMIN; KATHLEEN SEBELIUS; and DAVID BATES, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff, Antone Lamandino Knox, a state prisoner appearing *pro se* and *in forma pauperis*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

An initial review of the Complaint [Doc. #1] has been conducted pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915 (pertaining to *in forma pauperis* proceedings). It is recommended that the Complaint be dismissed *sua sponte* for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. It is further recommended that this dismissal count as a "prior occasion" or strike pursuant to 28 U.S.C. § 1915(g).

**I.   Background and Claims for Relief**

Plaintiff's Complaint contains a litany of vague, rambling challenges to numerous conditions of his confinement at the Oklahoma State Penitentiary. He has named four defendants, all of whom he is suing in their official capacities. Complaint at 2-3. Plaintiff

identifies Defendant William A. Burke as the Acting Regional Administrator of the Occupational Safety and Health Administration (OSHA) and Defendant David Bates as the Area Director of OSHA. Plaintiff identifies Defendant Dr. Regina Benjamin as the Surgeon General Designate of the United States Department of Health and Human Services (HHS) and Defendant Kathleen Sebelius as the Secretary of HHS.

In Count I, Plaintiff contends that his First Amendment right to petition the government for redress of grievances was violated when Defendants did not respond to letters he submitted both to OSHA and HHS concerning the conditions of his confinement in the state prison. He also alludes to imminent danger of serious injuries or future injuries. Complaint at 12.

In Count II, Plaintiff contends that his Eighth Amendment right to be free of cruel and unusual punishment has been violated. He also states that he has been subjected to discrimination. He again alludes to imminent danger. *Id.*

In Count III, Plaintiff references without details a demand for speedy trial and due process and equal protection under the Fourteenth Amendment. He also alludes to liberty interests and imminent danger of serious injury.

**II.     Grounds for *Sua Sponte* Dismissal**

Courts have a duty to examine whether there is subject matter jurisdiction over actions brought before them. *See* Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Moreover, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), dismissal of a complaint filed *in forma pauperis* is proper

for failure to state a claim upon which relief may be granted. *See Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009). *See also* 28 U.S.C. § 1915A(b)(1). As with a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court must accept Plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to Plaintiff. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

Because Plaintiff is proceeding *pro se*, his complaint must be construed liberally. *See id.* at 1218. The Court "review[s] the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face." *Young*, 554 F.3d at 1256 (quotations and citation omitted).

## III. Analysis of Claims

Plaintiff has sued the four defendants, all of whom are employed by federal agencies,[1] in their official capacities. The true defendant in such cases is the United States. Even when the United States is not explicitly named as a defendant, a claim is against the United States if "the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States" or by an agency of the United States. *Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989). The claims against the Defendants in their official capacities are barred by sovereign immunity. The principle of sovereign immunity protects the United

---

[1] Plaintiff has brought this action under 42 U.S.C. § 1983. As the Tenth Circuit recently reiterated, "[t]hat statute, of course, allows citizens to sue those who violate their constitutional rights while acting 'under color of' state law." *SECSYS, LLC v. Vigil*, ___ F.3d ___, 2012 WL 171876, at *2 (10th Cir. Jan. 23, 2012). Both OSHA and HHS are federal agencies. Plaintiff has alleged no facts to suggest that these defendants acted "under color of state law." Plaintiff has, therefore, failed to state a § 1983 civil rights claim upon which relief may be granted.

States from suits brought against it without its consent. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jacks*, 960 F.2d 911, 913 (10th Cir. 1992) (United States is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit). The federal courts lack subject matter jurisdiction over claims against the United States for which it has not waived sovereign immunity. *Iowa Tribe of Kansas & Nebraska v. Salazar*, 607 F.3d 1225, 1232 (10th Cir. 2010). Even liberally construing Plaintiff's claims as arising under the Due Process Clause rather than § 1983 does not establish jurisdiction, as sovereign immunity bars *Bivens*[2] claims against federal agencies. *See FDIC v. Meyer*, 510 U.S. 471, 484-485 (1994).

Even if Plaintiff had sued the four defendants in their individual capacities, however, this action would still be subject to dismissal because Plaintiff has not stated a claim upon which relief may be granted. Plaintiff has alleged no facts to demonstrate that the four defendants personally participated in the alleged constitutional deprivations. Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal*, 566 U.S. 662, ___, 129 S.Ct. 1937, 1948 (2009). Plaintiff has alleged no facts to demonstrate that any of the defendants, through his or her own individual conduct and with the requisite state of mind, violated Plaintiff's constitutional

---

[2]In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court recognized an implied cause of action against federal actors in their individual capacities for deprivation of Fourth Amendment rights.

rights. Plaintiff's vague and conclusory allegations are wholly insufficient, and his Complaint fails to set forth any facts to state a plausible claim for relief against any of the named defendants. Therefore, even if Plaintiff had asserted this action against the defendants in their individual capacities, the Complaint would still be subject to dismissal for failure to state a claim upon which relief may be granted.

## **RECOMMENDATION**

It is recommended that Plaintiff's civil rights action be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. It is further recommended that this dismissal count as a "prior occasion" or strike pursuant to 28 U.S.C. § 1915(g).

## **NOTICE OF RIGHT TO OBJECT**

Plaintiff is advised of his right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by March  5th , 2012. *See* Local Civil Rule 72.1. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## **STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this  13th   day of February, 2012.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE